## Cosgrove Studio & Camera Shop, Inc., v. Pane

Before Aponick, P. J., Pinola and Brominski, JJ.

*Cletus M. Lyman*, for plaintiff.

*Louis G. Feldmann*, for defendant.

PINOLA, J., February 11, 1960.—Plaintiff seeks to recover damages for an alleged libel.

Both parties are engaged in the general business of photography in the City of Hazleton. On May 29, 1959, plaintiff published an advertisement in the Hazleton Plain Speaker, and in the Standard Sentinel on June 1, 1959, the essential portion of which reads as follows:

"For every roll of film you bring to Cosgrove's to be developed and printed—you get . . . A NEW ROLL FREE!"

On June 2, 1959, an advertisement was published in the Standard Sentinel at the behest of defendant, the essential portion of which reads as follows:

"USE COMMON SENSE . . . YOU GET NOTHING! WE WILL NOT!

"I. Inflate the prices of your developing to give you a new roll free!

"2. Print the blurred negatives to inflate the price of your snapshots!

"3. Hurry up the developing of your valuable snapshots and ruin them!

"4. Use inferior chemicals and paper on your valuable snapshots!

"WE WILL, HOWEVER!

"1. Continue to give Cal Pane quality that has built our business to one of integrity over the years!

"2. Charge  the lowest prices possible for the same quality!

"3. Take painstaking care as usual for best results, and not jeopardize your once-in-a-lifetime snapshots!

"4. Guarantee satisfaction at all times!"

Defendant contends that the advertisements are not libelous and he asks that the complaint be dismissed for the following reasons:

1. The facts alleged in the complaint do not constitute libel.

2. There is nothing in the complaint or exhibits attached thereto which would justify the court or jury in identifying plaintiff in this case as being the person or business referred to, if any was referred to.

3. The words which are allegedly libelous are not actionable per se and therefore cannot form the basis for recovery in a libel action in which no special damages are alleged.

4. In order to sustain this action the court and jury would be compelled to "guess" who, if anyone, was

referred to, and to in effect give their opinion of what was meant by defendant.

We will deal with them seriatim.

1. Admittedly the advertisements are not libelous per se. Plaintiff has pleaded an innuendo which in and of itself admits that fact.

However, the jury, considering the advertisements in connection with the preceding facts, may well ascribe to the language the meaning for which plaintiff contends. In that event, the words would be injurious to the character and standing of plaintiff as a merchant and therefore libelous. They would contain an imputation which is necessarily hurtful in a special trade or business: Shaines v. R. G. Dun Co., 8 D. & C. 597; McIntyre v. Weinert, 195 Pa. 52.

We therefore find no merit in the first objection.

2. The matter of identification would be one for the jury. Following closely on the heels of plaintiff's advertisement, they might well infer that plaintiff was the object of defendant's advertisements. It is not necessary that he be named in order that he be identified. We therefore find no merit in the second objection.

3. Since the words of the advertisements are not actionable per se, plaintiff can recover only special damages which he must aver. This he has failed to do. A mere statement that as a result of the alleged libel, many persons who previously dealt with him have since neglected and refused to do business with him is not sufficient. Nor is it sufficient to allege that as a result he has suffered financial loss. He must in his complaint set out the names of his lost customers and show by figures how much he has lost financially: Shaines v. R. G. Dun Co., supra.

4. The identity of plaintiff by means of the advertisements, if found by the jury, would not be a mere guess, and therefore there is no merit to this objection.

Under the circumstances, we enter the following

*Order*

Now, February 11, 1960, at 2 p. m., defendant's third objection is sustained and plaintiff is required to amend within 20 days from the date hereof.